UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

ISAAC BARLOW, a/k/a Jason Taylor,
        *Defendant-Appellant.*

No. 02-4455

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-01-363)

Submitted: February 13, 2003

Decided: March 4, 2003

Before WIDENER, WILLIAMS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Marshall Prince, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Isaac Barlow appeals his conviction and sentence pursuant to violations of 21 U.S.C. §§ 841(a)(1) (2000) and 846 (2000). On appeal, Barlow argues that the district court abused its discretion by failing to dismiss a juror following an improper communication with counsel and by denying his motion for mistrial after subsequently dismissing the juror for misconduct. We find no error and affirm.

A district court may deal with claims of juror misconduct as it feels the particular circumstances require and will be reversed only for an abuse of discretion. *See United States v. Gravely*, 840 F.2d 1156, 1159 (4th Cir. 1988); *see also United States v. Duncan*, F.2d 839, 866 (4th Cir. 1979). Here, after questioning the juror regarding the improper communication, the juror assured the court that no other such incident would occur, and he stated that he realized the communication was in violation of the judge's prior instructions. The juror further assured the court that he never intended to talk to counsel about the case. No evidence was introduced showing that Barlow was in any way prejudiced by the communication. Accordingly, the district court did not abuse its discretion by declining to dismiss the juror for misconduct as a result of the communication.

We review the grant or denial of a mistrial for an abuse of discretion. *See United States v. Dorlouis*, 107 F.3d 248, 257 (4th Cir. 1997); *see also United States v. Hayden*, 85 F.3d 153, 158 (4th Cir. 1996); *United States v. Smith*, 44 F.3d 1259, 1267 (4th Cir. 1995). In order to show an abuse of discretion, a defendant must show prejudice, and no prejudice exists if the jury could make individual guilt determinations by following the court's cautionary instructions. *See United States v. West*, 877 F.2d 281, 288 (4th Cir. 1989). Barlow failed to show that he was prejudiced in any way as a result of the juror's improper comments. Individual questioning revealed that the majority of the other jurors had not heard any comments regarding the case, and those who had assured the court, without hesitation, that they had not been influenced by the comments in any way and could continue to perform their jury duties with an open mind. Thus, the district court

did not abuse its discretion by denying Barlow's motion for mistrial. Accordingly, Barlow's conviction and sentence are affirmed.

Moreover, Barlow's motion for the appeal to be held in abeyance is denied for the following reasons. First, he has waived the indictment and Fourth Amendment suppression issues pursuant to Fed. R. Crim. P. 12(b)(1), 12(b)(3), and 12(f). Furthermore, because he is represented, he must request whatever portion of the record he desires from counsel. Finally, because Barlow failed to demonstrate any error, his request for remand to the lower court for an evidentiary hearing is denied. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*